UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | **CIVIL RIGHTS** |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| COLUMBUS WORTHINGTON | ) | |
| HOSPITALITY LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq.* |
| | ) | |

Plaintiff SPENCER NEAL Complains of Defendant COLUMBUS WORTHINGTON

HOSPITALITY LLC, and alleges as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff NEAL is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

NEAL seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III"

AND "ADA"), *et sec.*

2.     NEAL is a person with physical disabilities who, on or about December 13, 2018

through December 14, 2018, was an invitee, guest, patron, or customer at Defendant's property,

which houses a Doubletree hotel, located at 175 Hutchinson Ave. in the City of Columbus, Ohio.

At said time and place, Defendant failed to provide proper legal access to the property, which is

a public accommodation and/or public facility. The denial of access was in violation of federal

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

legal requirements, and NEAL suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4.     **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Columbus, County of Franklin, State of Ohio and that NEAL's causes of action arose in this district.

**PARTIES:**

5.     NEAL is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) NEAL is a "person with physical disabilities," as defined by all applicable United States laws. NEAL requires the use of a wheelchair to travel about in public. Consequently, NEAL is a member of that portion of the public whose rights are protected.

6.   Defendant COLUMBUS WORTHINGTON HOSPITALITY LLC, a Pennsylvania Limited Liability Company, (alternatively referred to as "Defendant") is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, and/or alter ego, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Doubletree hotel, a public accommodation, located at/near 175 Hutchinson Ave. in Columbus, Ohio, and subject to the requirements of the Americans with Disability Act of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and/or alter ego of the lessee, lessor and their agent, and owns and operates in joint enterprise the subject Doubletree hotel as a public facility at/near 175 Hutchinson Ave., Columbus, Ohio. The business, a Doubletree hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative Code § 4101:1-11, *et sec.* NEAL does not know the relative responsibilities of the Defendant in the operation of the facilities herein complained of and alleges a joint venture and common enterprise by any other future-named Defendants.

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 175 Hutchinson Ave., Columbus, Ohio. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201**      **General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   NEAL does not know the true names of Defendant, their business capacities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such Defendants. NEAL is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other Defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. NEAL may seek leave to amend when the true names, capacities, connections, and responsibilities of Defendant are ascertained.

10. NEAL is informed and believes that the named Defendant conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates a Doubletree hotel, located at/near 175 Hutchinson Ave., Columbus, Ohio. Doubletree and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility has undergone "alterations,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

structural repairs and additions," each of which has subjected the Doubletree hotel to handicapped access requirements.

12. NEAL is a person with a disability. NEAL is a "physically disabled person," as defined by all applicable United States laws. NEAL is paralyzed as a result of spina bifida and requires the use of a wheelchair for mobility and to travel in public.

13. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out its Doubletree hotel as being handicapped accessible and handicapped usable.

14. On or about December 13, 2018 through December 14, 2018, NEAL was an invitee and guest at the subject Doubletree hotel, arriving for purposes of staying for the evening.

15. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, NEAL personally encountered architectural barriers which denied him the full and equal access to the property.

16. Therefore, at said time and place, NEAL, a person with a disability, encountered the following inaccessible elements of the subject Doubletree hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendant's violations, the following barriers to access were personally encountered by NEAL:

     a. At the 4th entry door, the access aisles are not located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section 208.3.1, 502.3 and 1991 ADAS Section 4.6.3.

     b. At the #4 entry door, the required parking signage is missing in violation of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

2010 ADAS Section 502.6.

c.  At the #5 entry door, the access aisles are not located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section 208.3.1, 502.3 and 1991 ADAS Section 4.6.3.

d.  At the #5 entry door, the required parking signage is missing in violation of 2010 ADAS Section 502.6.

e.  At the #7 entry door, the access aisles are not located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section 208.3.1, 502.3 and 1991 ADAS Section 4.6.3.

f.  At the #7 entry door, the access aisles are not a minimum 5' wide in violation of 2010 ADAS Section 502.3.1 and 1991 ADAS Section 4.1.2(1).

g.  At the #7 entry door, the required parking signage is missing in violation of 2010 ADAS Section 502.6.

h.  At the #7 entry door, the parking sign is mounted too low in violation of 2010 ADAS Section 502.6.

i.  At the back lot, the access aisles are not located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section 208.3.1, 502.3 and 1991 ADAS Section 4.6.3.

j.  At the back lot, the access aisles are not a minimum 5' wide in violation of 2010 ADAS Section 502.3.1 and 1991 ADAS Section 4.1.2(1).

k.  At the back lot, the required parking signage is missing in violation of 2010 ADAS Section 502.6.

l.  At the back lot, the parking sign is mounted too low in violation of 2010

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

ADAS Section 502.6.

m. There is no accessible route to the bench or trash cans near the main entry in violation of 1991 ADAS Section 4.1.2(1) and 2010 ADAS Section 206.2.2.

n. The door #4 building entrance is not located on an accessible route in violation of 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1).

o. The door #5 building entrance is not located on an accessible route in violation of 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1).

p. The door #7 building entrance is not located on an accessible route in violation of 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1).

q. There is no accessible route of travel from the public way in portions of the parking lot in violation of 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1).

r. The side building entrance is not located on an accessible route in violation of 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1).

s. At the rear building entrance, the change in level where the gutter meets the curb ramp is greater than ¼" in violation of 2010 ADAS Section 303.3 and 1991 ADAS Section 4.7.2.

t. The doormats throughout are not secured in place at the entry doors, interior or the front desk in violation of 2010 ADAS Section 302.2 and 1991 ADAS Section 4.5.3.

u. The lobby's tops of work surfaces are too high in violation of 2010 ADAS Section 902.3 and 1991 ADAS Section 4.32.4.

v. The lobby's coffee dispenser is not accessible because it is located over an

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

obstruction greater than 34" tall in violation of 2010 ADAS Section 308.3.2 and 1991 ADAS Section 4.2.6.

w. The unisex restroom's side grab bars do not extend for enough from the rear wall in violation of 2010 ADAS Section 604.5.1 and 1991 ADAS Section 4.17.6.

x. The unisex restroom's water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section 606.5 and 1991 ADAS Section 4.19.4.

y. Room 228's maneuvering space on the pull side of the entry door does not adequately extend beyond the latch side of the door in violation of 2010 ADAS Section 404.2.4.1 and 1991 ADAS Section 4.13.6.

z. Room 228's entry door operating hardware is too high in violation of 2010 ADAS Section 404.2.7 and 1991 ADAS Section 4.13.9.

aa. Room 228's pass through door operating hardware is too high in violation of 2010 ADAS Section 404.2.7 and 1991 ADAS Section 4.13.9.

bb. Room 228's entry door light switch is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

cc. Room 228's route of travel between the bed and dresser does not provide a minimum width of 36" in violation of 2010 ADAS Section 403.5.1 and 1991 ADAS Section 4.3.3.

dd. Room 228 lacks compliant knee clearance at the accessible table in violation of 2010 ADAS Section 306.3.3 and 1991 ADAS Section 4.32.3.

ee. Room 228's room mirror is mounted too high in violation of 2010 ADAS

Section 603.3.

ff. Room 228's lamp is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1.

gg. Room 228's hear and A/C control is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1.

hh. Room 228's closet shelf, iron and ironing board are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

ii. Room 228's closet door opening does not provide at least 32" between the face of the door and the opposite stop in violation of 2010 ADAS Section 404.2.3 and 1991 ADAS Section 4.13.5.

jj. Room 228's restroom coat hook is installed greater than 48" above the finished floor in violation of 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5.

kk. Room 228's restroom's bath's head end grab bar is not located correctly in violation of 2010 ADAS Section 607.4.1.1 and 1991 ADAS Section 4.20.4.

ll. Room 228's top bath grab bar is not located correctly in violation of 2010 ADAS Section 607.4.1.1 and 1991 ADAS Section 4.20.4.

mm.   Room 228's bottom grab bar is not located correctly in violation of 2010 ADAS Section 607.4.1 and 1991 ADAS Section 4.20.4.

nn. Room 228's toilet's side grab bar is not long enough in violation of 2010

ADAS Section 604.5.1 and 1991 ADAS Section 4.16.4.

oo. Room 228's toilet paper dispenser is not installed within the compliant range in violation of 2010 ADAS Section 604.7.

pp. Room 228's water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section 606.5 and 1991 ADAS Section 4.19.4.

qq. Room 228's restroom light switch is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

rr. Room 228's restroom towel ring is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

ss. Room 228's bathroom mirror is mounted too high in violation of 2010 ADAS Section 603.3.

tt. The pool lift has a protective cover on it and is not accessible without assistance in violation of 2010 ADAS Section 242.2.

uu. The pool's backboard and first aid kit are not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1.

vv. The pool's doormat is greater than ½" tall and is not beveled around the perimeter in violation of 2010 ADAS Section 302.2 and 1991 ADAS Section 4.5.3.

ww. The fitness room's maneuvering space on the pull side of the door does not adequately extend beyond the latch side of the door in violation of 2010 ADAS Section 404.2.4.1 and 1991 ADAS Section 4.13.6.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

xx. The elevator call buttons are obstructed in violation of 2010 ADAS Section 407.2.1.3 and 1991 ADAS Section 4.10.3.

yy. There is no accessible route between the lobby and the bar in violation of 2010 ADAS Section 206.2.4 and 1991 ADAS Section 4.1.3(1).

zz.  On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

17. The discriminatory violations described in ¶ 16 are not an exclusive list of the Defendant's violations. NEAL requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

18. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

19. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to NEAL and other persons with disabilities, NEAL suffered damages as alleged herein.

20. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and

equal access to public facilities, and further suffered from injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

21. NEAL is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendant. Defendant maintained a public establishment without access for persons with physical disabilities as stated herein, and continues as of the date of filing this complaint to deny equal access to NEAL and other persons with physical disabilities in these and other ways.

22. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

23. NEAL, as described herein below, seeks injunctive relief to require Defendant's hotel to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the Doubletree hotel as a public facility.

24. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

25. Because of Defendant's violations, NEAL and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. NEAL seeks an order from this court compelling Defendant to make its hotel accessible to persons with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

disabilities.

26. On information and belief, Defendant has intentionally undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements. The acts and omissions of Defendant in failing to provide the required accessible public facilities at the time of NEAL's visit and injuries, indicate actual and implied malice towards NEAL, and despicable conduct carried out by Defendant with a willful and conscious disregard for the rights and safety of NEAL and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendant to other operators of other establishment and other public facilities, and to punish Defendant and to carry out the purposes of § 2315.21.

27. NEAL is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of its hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as NEAL and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

28. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

to, architectural barriers constituting the Doubletree hotel was in violation of the civil rights of persons with physical disabilities, such as NEAL, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of NEAL and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on NEAL and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for NEAL and other persons with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights of NEAL and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Said conduct, with knowledge of the effect it was and is having on NEAL and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of NEAL and of other similarly situated persons, justifying the imposition of punitive damages.

29. Punitive Damages -- Defendant, at times prior to and including December 12, 2018 through December 13, 2018 and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

such knowledge, Defendant failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by NEAL and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 28 of this complaint. Defendant has failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendant has carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and has refused to comply with its legal obligations to make the Doubletree hotel accessible pursuant to the Americans with Disabilities Act. Such actions and continuing course of conduct by Defendant evidence despicable conduct in conscious disregard for the rights or safety of NEAL and of other similarly situated persons, justifying an award of punitive damages.

30. Defendant's actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as NEAL and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Further, Defendant's refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of NEAL and other members of the public with physical disabilities.

31. NEAL prays for an award of punitive damages against Defendant in an amount sufficient to make a more profound example of Defendant and discourage owners and operators of other establishments, and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiff does not know the financial worth of Defendant and seeks leave to amend this complaint when such facts are known.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

32. NEAL will return to the subject Doubletree hotel to patronize its hotel, if the hotel is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services. Furthermore, Mr. NEAL intends to return to the Doubletree hotel as an ADA tester from March 5, 2020 through March 6, 2010, when he visits the Columbus area to attend an event, in order to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

33.     NEAL pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 32 of this complaint.

34.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

35.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide

clear, strong, consistent, enforceable standards addressing
discrimination against individuals with disabilities; (3) to ensure
that the Federal government plays a central role in enforcing the
standards established in this act on behalf of individuals with
disabilities; and (4) to invoke the sweep of Congressional
authority, including the power to enforce the 14th Amendment and
to regulate commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

36.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for

purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private
entities are considered public accommodations for purposes of this
title, if the operations of such entities affect commerce -
. . .
(B) an entertainment facility, bar, or other establishment serving food or drink;

42  .S.C. §12181(7)(B).

37.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

38.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(i) the imposition or application of eligibility criteria
that screen out or tend to screen out an individual with a disability
or any class of individuals with disabilities from fully and equally
enjoying any goods, services, facilities, privileges, advantages, or
accommodations, unless such criteria can be shown to be
necessary for the provision of the goods, services, facilities,
privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of NEAL's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*

39.     The removal of the barriers complained of by NEAL as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Doubletree hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 18

40.     Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. NEAL alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

41.     On information and belief, construction work on, and modifications of, the subject Doubletree hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

42.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, NEAL is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. NEAL cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

43.     Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, NEAL has not returned to Defendant's premises since on or about December 13, 2018 through December 14, 2018, but on information and belief, alleges that Defendant has

continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

44.     NEAL seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. NEAL will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief as hereinafter stated.

**PRAYER:**

Wherefore, NEAL prays that this court grant relief and damages as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.      For injunctive relief, compelling Defendant to make the Doubletree hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if NEAL is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Franklin Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
cg@bmblaw.com

Attorney for Plaintiff SPENCER NEAL